GEORGE D. LITTLE vs. EDWIN M. SELL & CO.

## APPEAL from St. Louis Court of Common Pleas.

KNOX & KELLOGG, for appellant.

The court erred in deciding that the plaintiff was liable to the defendants as a co-partner with Irvin. To constitute a co-partnership there must be a liability to share both profits and losses, of which there is not the slightest evidence in this case. 1 Wendell, 463, Compton vs. McNair ; Story on Partnership, sec. 30, page 46 ; Pickering, 192; Turner vs. Bissel, 2 Greenleaf's Evidence, 394, 395, 396.

The fact that Little subsequently took possession of the goods in the store kept by Irvin and sold them to pay Irvin's indebtedness to him, cannot affect his liability in this suit. If he took said goods wrongfully, then he is liable to Irvin for such wrongful taking. Nor does the fact, that some of the goods taken and sold by Little were purchased by Irvin of the defendants, affect Little's liability in the present action. If the goods taken belonged to Irvin, then Little is liable to him as a trespasser, but is not liable to Irvin's creditors.

The plaintiff submits that he is no more liable for goods purchased by Irvin while carrying on business under the aforesaid agreement, than he would have been if he had had a mortgage on all goods in Irvin's store, or that might be added to said stock to secure Irvin's indebtedness to him. Little claimed the goods as security for the payment of $6717 04, on the payment of which by Irvin he was to become the owner of said stock.

RYLAND, Judge, delivered the opinion of the court.

The facts in this case are the same in every essential feature as those in the case of Stettheimer vs. Little.

The opinion of this court, therefore, in that case will suffice for this. The judgment of the court below is affirmed.

---

IN THE MATTER OF STEAMBOAT "GLOBE," LANGSTAFF & HULME vs. C. W. HERBERT.

The claim of a clerk upon a boat for wages, is not a statutory lien upon the boat; it is only a personal demand against the owners.

### STATEMENT OF THE CASE.

This steamboat was sold by order of court, and all the lien claims were paid off, leaving a nett surplus for distribution to the legal and proper claimants. Langstaff & Hulme, Philip Rock and Charles W. Herbert, severally filed claims against said surplus.